170 March 19, 2025 No. 243

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Laborrah GARRETT-SIMS,
*Petitioner,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
*Respondent.*

Office of Administrative Hearings
2023DHS19363;
A182044

Submitted February 7, 2025.

Gerald Lunn, Carly Cripps, Emily Rena-Dozier, Beth Englander, and Oregon Law Center filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Reversed and remanded for further proceedings.

**KAMINS, J.**

Petitioner seeks judicial review of a final agency order determining that she committed an intentional program violation (IPV) for failing to accurately report her household composition and income because she did not report her husband, Levi, as a part of her household on her Supplemental Nutrition Assistance Program (SNAP) and Temporary Assistance to Needy Families (TANF) applications from March 2017 to March 2023. In her second assignment of error, petitioner contends that substantial evidence and reason do not support the administrative law judge (ALJ)'s finding that petitioner intentionally misrepresented her household composition and income.[1] We agree and, accordingly, reverse and remand for further proceedings.

For purposes of receiving SNAP benefits, an individual commits an IPV by "[m]aking a false or misleading statement or misrepresenting, concealing or withholding a fact relating to the *** acquisition *** of SNAP benefits[.]" OAR 461-195-0601(2)(a)(A). Similarly, an IPV is committed in the acquisition of the TANF benefits when the individual intentionally makes "a false or misleading statement or [by] misrepresenting, concealing, or withholding a fact for the purpose of establishing or maintaining eligibility for the *** TANF program[.]" OAR 461-195-0601(4)(a).

In this case, the IPV was based on the allegation that petitioner did not "accurately report [her] household composition and income as required by the programs. [Petitioner] did not report [her] husband, Levi S. Garrett-Sims, as a

---

[1] In petitioner's first assignment of error, which DHS contends is unpreserved, she argues that DHS was required to prove that Levi lived with her a certain percentage of the time before he could qualify as a part of her household. *See* OAR 461-110-0210(6) (explaining how to determine members for SNAP and TANF household groups). Because that argument has no bearing on the basis of our disposition—that substantial evidence did not support the ALJ's findings—we do not address it.

Petitioner's third assignment of error challenges the ALJ's determination that petitioner intentionally misrepresented her income. DHS clarified to the ALJ on three occasions that the basis of that allegation in the IPV was not petitioner's failure to report her own income, but rather petitioner's intentional failure to report her household composition (and thus the income of all household members). Our conclusion that DHS failed to prove that petitioner intentionally failed to report her household composition resolves that allegation and obviates the need to address the third assignment.

member of [her] household." (Boldface and uppercase omitted). During the contested hearing to substantiate that allegation, the Department of Human Services (DHS) offered evidence that Levi provided petitioner's address for his employment applications, car registration, financial records, as well as a note from petitioner's landlord. In that note, petitioner's landlord listed Levi as an occupant of the apartment, but admitted that he was a "hands off" landlord and thus was "not sure" who was living in the apartment. He also stated that he met the family through his ex-girlfriend but, after that relationship ended in October 2018, he had "lost touch" with petitioner and Levi.

Petitioner disputed that Levi resided with her full-time. She testified that Levi lives elsewhere "ninety-five percent of the time" and that he uses her address only for mailing purposes. Levi was not listed on the lease of the apartment. And in his own application for SNAP benefits, Levi wrote that he lives at petitioner's residence only "part-time" and that he also lives in his car.

The ALJ concluded that petitioner committed an IPV because the "overwhelming evidence in the record demonstrate[d] that" petitioner intentionally misrepresented her household income by not reporting that Levi lived with her.[2] On appeal, petitioner contends that neither substantial evidence nor reason supports the ALJ's conclusion.

We "shall set aside or remand the order if [we] find[] that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). DHS must prove an IPV by "clear and convincing evidence," OAR 461-025-0316(8), that is, "evidence that is of extraordinary persuasiveness, so that the fact at issue is highly probable." *State v. N. A. P.*, 216 Or App 432, 437, 173 P3d 1251 (2007) (internal quotations omitted).

---

[2] The ALJ also noted that petitioner did not provide "any explanation" as to why Levi may have been using her address but not living with her. Notwithstanding the fact that petitioner did not bear the burden of proof at the hearing, there was evidence in the record that the couple had lived separately due to domestic violence, and petitioner testified that DHS told her to not list Levi on the application if she was experiencing domestic violence, out of concern for her safety.

We conclude that substantial evidence does not support the finding that petitioner intentionally misrepresented her household composition. The ALJ relied exclusively on the facts that Levi listed petitioner's address on various documents and that petitioner's landlord was aware that Levi was at petitioner's apartment at some point during 2018 to conclude that there was "overwhelming evidence" that petitioner misrepresented Levi's housing status. However, *Levi's* use of the address is not on its own sufficient to prove by clear and convincing evidence that *petitioner* intentionally provided false information on her applications, particularly when evidence in the record supports the contention that Levi lived in multiple places. The only other evidence supporting the ALJ's decision—petitioner's landlord's note stating that Levi lived there—also states that the landlord had "lost touch" with petitioner and was unaware of who was in the apartment during most of the time period relevant to the hearing. Moreover, there was significant countervailing evidence, including petitioner's testimony, the lease, and Levi's benefits applications.[3] Accordingly, we conclude that the ALJ's finding that DHS proved by clear and convincing evidence that petitioner intentionally misrepresented her household composition is not supported by substantial evidence. *See Smithee v. Employment Dept.*, 228 Or App 346, 350, 208 P3d 956 (2009) (concluding that substantial evidence did not support the ALJ's finding that claimant, who undisputedly went over his break time, intentionally violated a timekeeping regulation because there was countervailing evidence that his employer allowed him to take unreported breaks and lacked a clear policy on work-break reporting).

Reversed and remanded for further proceedings.

---

[3] Petitioner sought an extension of time, her first request, to obtain additional evidence given that DHS had a year to prepare its case and her Oregon Law Center attorney had less than three weeks to marshal evidence, and, additionally, was scheduled to be out of the office during the hearing. That request was denied.